IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| CHRISTOPHER V. LANGONE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM M. GANTZ, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 1:25-cv-00209 <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** <br><br> ORAL ARGUMENT REQUESTED |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, William M. Gantz, submits this Memorandum in support of his Motion to Dismiss Plaintiff's Complaint (Dkt. No. 1):

**I.      BACKGROUND AND SUMMARY OF PLAINTIFF'S ALLEGATIONS**

1.      Langone is an attorney admitted to practice in Illinois and in the District. Complaint, ¶5.

2.      Gantz is an attorney admitted to practice in Illinois and in the District. Complaint, ¶6.

3.      On January 8, 2025, Attorney Gantz of the law firm Duane Morris LLP ("DM") sent Langone a demand letter (the "Demand Letter") on behalf of ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ (hereinafter "DM Client"). The Demand Letter, which Plaintiff mischaracterizes as a "Threat Letter," is Exhibit 1 to the Complaint (Dkt. No 1) and may be found at Dkt. No. 13.[1]

---

[1] On February 19, 2025, the court allowed Plaintiff (Dkt. No. 14) leave to file the Exhibits to the Complaint under seal.

1

4. As stated in the Demand Letter, Gantz sent the Demand Letter as a result of breach of the confidentiality provisions of a Confidential Settlement Agreement and General Release to which Langone's client, ▬▬▬▬ (hereinafter "Langone Client"), the DM Client, and other individuals are parties. A true and correct copy of the February 2, 2024, Confidential Settlement Agreement and General Release is an Exhibit to the Complaint, and may be found at Dkt. No. 13.

5. The Demand Letter advised Plaintiff that a court filing signed by him and filed on ▬▬▬▬, on behalf of Langone Client in a matter pending Circuit Court of Cook County, Illinois gratuitously and unnecessarily referenced the Settlement Agreement and a non-disparagement term of the Settlement Agreement, and thus breached the confidentiality provisions found in Section 10 of the Settlement Agreement. Demand Letter, pp. 1-2, Dkt. No. 13.

6. Section 10 of the Settlement Agreement, recited in full in the Demand Letter, called for strict confidentiality and non-disclosure of the "existence, fact and terms" of the Settlement Agreement. Demand Letter, Exh. 1, p. 2. In this regard, the Demand Letter stated:

> This Motion ▬▬▬▬ gratuitously referenced the Agreement, and thus senselessly chose to disclose the existence of the Agreement and the non-disparagement term of the Agreement.
>
> The public filing of the Motion ▬▬▬▬ is breach of Section 10 the Agreement, which states:



2



Demand Letter, Exh. 1, pp. 1-2, Dkt. No. 13.

7. The Demand Letter also recited Section 15 of the Settlement Agreement, under which Langone Client ▮▮▮▮ agreed as follows:



Demand Letter, Exh. 1, p. 2., Dkt. No. 13.

8. The only demand or action requested in the Demand Letter was DM Client's demand that Langone Client ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Demand Letter, Exh. 1, p. 2.

9. Rather than respond in any way to the Demand, Plaintiff immediately filed this retaliatory lawsuit against Defendant on the same day, January 8, 2025. The sole basis for this lawsuit is Defendant's letter sent on behalf of DM Client, which Plaintiff characterizes as a "Threat Letter." (Complaint, ¶ 8).

10. Plaintiff alleges that the "Threat Letter" "contained language that Plaintiff contends is improper under applicable rules of professional conduct, including Rule 5.6 of the Model Rules of Professional Conduct, which prohibits actions that improperly restrict the right to practice law.

3

11. The Complaint lacks any further factual assertion regarding the so-called Threat Letter," and specifically does not allege how Plaintiff's ability to practice law has been restricted in any way.

12. Plaintiff does not seek any money damages.

13. Rather, Plaintiff seeks a declaratory judgment that:

   a. The Defendant's letter violates Rule 5.6 of the Illinois Rules of Professional Conduct;

   b. Defendant's actions are "improper and unenforceable under the law"; and

   c. That Plaintiff has not engaged in any conduct that gives rise to liability as "threatened" under the Demand Letter – i.e. breached the confidentiality provisions of the confidential Settlement Agreement.

(Complaint, ¶14).

## II.  LEGAL STANDARDS

The Court may dismiss a complaint pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. As such, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 540 (2007)). "But allegations in the form of legal conclusions are insufficient. As are threadbare recitals of a cause of action, supported by mere conclusory statements." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (quotations omitted). The Court may dismiss a claim for failing to assert a cognizable legal theory or for failing to include sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is not required to accept legal conclusions that are in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

4

In order to determine whether dismissal is proper, a district court may rely on "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

### III. ARGUMENT

#### A. Plaintiff's Complaint is an Illegal SLAPP.

Defendant is alleged to have done nothing more than send out a routine demand letter on behalf of a client. Suing a lawyer for acting in this way on behalf of a client is barred as a matter of law under Illinois law. Plaintiff's case is a Strategic Lawsuit Against Public Participation (a "SLAPP") lawsuit in violation of the Illinois Citizen Participation Act, 735 ILCS 110/1 et seq. (the "Act"). Specifically, the Act immunizes from liability all "acts in furtherance of the constitutional right[] of petition" when such acts are "genuinely aimed at procuring favorable government action." 735 ILCS 110/15.

Interpreting this language, the Illinois Supreme Court held that a lawsuit may be dismissed for immunity under the Act if: (i) the defendant's acts were in furtherance of their right to petition, speak, associate, or otherwise participate in government to obtain favorable government action; (ii) the plaintiff's claims are solely based on, related to, or in response to the defendant's acts "in furtherance" and (iii) the plaintiff fails to produce clear and convincing evidence that the defendant's acts were not genuinely aimed at solely procuring favorable government action. *Sandholm v. Keucker*, 962 N.E. 2d 418, 433 – 434 (Ill. 2012).

Building on this guidance, Illinois appellate courts have found that the Act protects statements and actions of attorneys made in the course of representing a client because the act of enforcing a client's rights through good-faith litigation is speech that is "genuinely aimed at procuring favorable government action, result or outcome." *See*, e.g *Hytel Group, Inc. v. Butler*,

5

938 N.E.2d 542 (Ill. App. 2010) (holding that speech in connection with a private wage claim is protected by the Act). This applies to both pre-litigation conduct aimed at furthering a person's constitutional right of petition, as well as conduct that occurs after litigation formally commences. *Ryan v. Fox Television Stations, Inc.*, 979 N.E.2d 954 (Ill. App. 2012) (confirming that pre-litigation communications are covered by the Act when the communication satisfies the *Sandholm* requirements).

The Demand Letter is standard pre-litigation conduct made with the intent of vindicating DM Client's rights under the Settlement Agreement. It provided notice of a breach and demanded a remedy under the agreement. Plaintiff makes no allegations of Defendant's conduct beyond the sending of the Demand Letter. Calling this letter a "Threat Letter" is both sophomoric and inaccurate. The Demand Letter is an everyday occurrence in the lives of lawyers, alleging breach, demanding the remedy. As such, the Demand Letter is protected speech and Defendant is immune from suit under the Act.

Langone's tactic to file this suit within mere hours of receiving the Demand Letter provides a textbook example of a meritless, retaliatory SLAPP suit that merely abuses the judicial process.

**B. Plaintiff's Complaint is Barred by Litigation Privilege.**

Plaintiff's Complaint is also barred by litigation privilege. This privilege is intended to provide Illinois attorneys with "the utmost freedom to secure justice for their clients." *O'Callaghan v. Satherlie*, 36 N.E.3d 999, 1008 (Ill. App. 2015) (citing *Kurczaba v. Pollock*, 742 N.E.2d 425, 438 (Ill. App. 2000). The privilege applies to communications made before, during, and after litigation, as well as out-of-court communications between litigants' attorneys intended to further client representation. *O'Callaghan v. Satherlie* at 1008 (citing *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 788 N.E.2d 740, 748 (Ill. App. 2003), *Stein v Krislov*, 999

N.E.2d 345, 356-357 (Ill. App. 2013), and *Golden v. Mullen*, 693 N.E.2d 385, 389 (Ill. App. 1997)).

The Demand Letter sent by Defendant on behalf of his client is a simple and basic part of client representation. It cannot possibly be actionable under Illinois law, nor should any court tolerate such obviously retaliatory lawsuits such as this one. Plaintiff targeted Defendant, personally, for representing a client, instead of taking up any dispute over whether the Settlement Agreement was breached with the actual parties to the agreement, the actual party demanding that Langone Client ███████████████████████████.

Langone angrily and without doing any research whatsoever, filed this case hours after he received the Demand Letter. Langone refused to accept Defendant's offer to accept service, and instead insisted on sending a Constable to Defendant's home. Langone refuses to drop this case notwithstanding being advised of the Act and litigation privilege and the cases cited above. This case represents blatant litigation abuse by a lawyer and officer of the court and is patently non-meritorious. This Court should recognize it as such by dismissing Plaintiff's Complaint with prejudice.

### C. A Declaration Whether Defendant Has Violated Rule 5.6 Is Not a Recognized Cause of Action

Among the litany of Plaintiff's retaliatory allegations is the unsupported conclusory allegation that Defendant's ordinary Demand Letter is improper under "applicable rules" of professional conduct, "including Rule 5.6 of the Model Rules of Professional Conduct, which prohibits actions that improperly restrict the right to practice law." Complaint, ¶ 9.

Firstly, the agency with authority over lawyers in the State of Illinois is the Attorney Registration and Disciplinary Commission. It is not the province of this Court to investigate or

7

determine compliance with the state disciplinary rules. Violation of disciplinary rules, alone, do not give rise to any cognizable cause of action.

Nor does the Complaint link the issue of compliance with Rule 5.6 to any cause of action. The Complaint fails to even allege how Langone's "right to practice law" is restricted in any way by the Demand Letter or anything else. Plaintiff has not alleged in any fashion how the Demand Letter actually violates the above provision. Nor does Plaintiff allege how the agreement of the Settling Parties to the Confidential Settlement Agreement to keep the terms and existence of the agreement confidential restricts his right to practice.

Langone's transparent motivation for this allegation – that Defendant violated rules of ethics – is to attempt to embarrass and sully the name or reputation of an opposing lawyer in a public filing. He has rather embarrassed himself and our profession.

### D. Plaintiff Has Failed to Join a Necessary Party Under Rule 19.

To the extent Plaintiff seeks a declaration that the confidentiality provisions of the Settlement Agreement were not breached, he seeks to litigate liability issues with a *non-party* to the Settlement Agreement. Gantz is not a party to the settlement agreement and Gantz is not making any demands on his own behalf. Gantz could not sue under any theory on his own behalf to enforce the settlement agreement.

Rule 19(a) requires joinder of persons if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

8

DM Client—as the counterparty to the Settlement Agreement and the party making demand — is plainly a necessary party to any litigation addressing whether the Settlement Agreement. In addition, Langone Client is a necessary party as a recipient of the Demand Letter and the demand made therein, and would be impacted by a decision that the agreement was breached or not breached. In a declaratory judgment action over breach on a contract, all parties to the contract are necessary and interested parties. *Lerner v. Zipperman*, 387 N.E.2d 946 (Ill. App. 1st Dist. 1979); *First Natl. Bank of Chicago v. Screen Gems, Inc.*, 352 N.E.2d 285 (Ill. App. 1st Dist. 1976). Joinder of these two absent parties—DM Client and Langone Client—is feasible, but Plaintiff made no effort to satisfy his Rule 19(c) obligation to do so. Defendant is not a party to the Settlement Agreement and Plaintiff's attempt to litigate solely against Defendant whether the Settlement Agreement must therefore fail.

Moreover, whether breach occurred or not is immaterial to this case and on this motion. Whether the assertion in the Demand Letter is ultimately proven right or wrong, or indeed never determined, the Act and litigation privilege apply nonetheless.

## V. **CONCLUSION**

This case is not only abjectly non-meritorious and without good faith basis in law and fact, but also violates Illinois law. Plaintiff's case is a textbook SLAPP in violation of the Illinois Citizen Participation Act. 735 ILCS 110/25 provides "The court shall award a moving party who prevails in a motion under [the] Act reasonable attorney's fees and costs incurred in connection with the motion." This case should be dismissed with prejudice and with costs to Defendant, and without leave to replead.

Dated March 7, 2025

Respectfully submitted,

By: */s/ William M Gantz*

William M. Gantz
DUANE MORRIS LLP
190 S. LaSalle St. – Suite 3700
Chicago, IL 60603
(312) 499-6700
bgantz@duanemorris.com

Attorney for Defendant,
**WILLIAM M GANTZ**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 7, 2025, he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/*William M Gantz*
William M. Gantz

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| CHRISTOPHER V. LANGONE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM GANTZ, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 1:25-cv-00209 <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

THIS MATTER came before the Court on Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) (the "Motion"). After considering the moving, opposition, reply papers, and all other matters presented to the Court, the issues having been duly heard and a decision having been duly rendered,

IT IS HEREBY ORDERED as follows:

1. Defendant's Motion is GRANTED;

2. Plaintiff's complaint is DISMISSED.

Dated this \_\_\_ day of _____, 2025.

_____
HONORABLE _____
UNITED STATES DISTRICT COURT JUDGE